IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY A. WILLIAMS, JR.,

                      OPINION AND ORDER

        Plaintiff,

                      17-cv-11-bbc

   v.

CAPT. BROWN, M. KARTMAN, LT.
CICHANOWICZ, CAPT. HANFELD,
CAPT. PRIMMER and GARY BOUGHTON,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Anthony Williams has filed a complaint under 42 U.S.C. § 1983 in which he challenges a conduct report that he received for "inciting a disturbance." I understand plaintiff to be raising the following claims: (1) defendants Brown, Kartman, Hanfeld and Boughton disciplined him for failing to provide information regarding an assault by another prisoner, in violation of the First Amendment; (2) defendant Cichanowiz refused his request to review evidence before his disciplinary hearing, in violation of the due process clause; and (3) defendant Primmer found him guilty without sufficient evidence, in violation of the due process clause.

      Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. The crux of plaintiff's claim is that he believes that defendants concluded

1

incorrectly that he was involved in the assault of another prisoner. However, even if it is true that plaintiff simply was in the wrong place at the wrong time when the assault occurred, I cannot allow him to proceed because he points to no constitutional error that defendants made in reaching their conclusion. Accordingly, I conclude that plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff fairly alleges the following facts in his complaint. I note that plaintiff cites a number of exhibits in his complaint, but he did not file those with the court. This did not prejudice plaintiff because, even without exhibits, I am required to accept as true all the allegations in this complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

ALLEGATIONS OF FACT

Plaintiff Anthony Williams is a prisoner at the Wisconsin Secure Program Facility, which is in Boscobel, Wisconsin. On May 18, 2016, plaintiff was getting his hair cut at the prison barber shop. While there, he saw another prisoner he knew named Wells. Plaintiff shook Wells's hand and asked him how he was doing. Immediately after walking away, Wells attacked a third prisoner named Johnson. Plaintiff had nothing to do with that attack and did not speak to Wells about it.

Defendant Brown, a correctional officer, investigated the incident and spoke to plaintiff. When plaintiff did not provide any information, Brown stated, "Since you don't want to tell me, you'll pay." Brown gave plaintiff a conduct report for "Inciting a Disturbance and Assault" in which Brown alleged that a video recording showed plaintiff and

Wells speaking just before the assault. Brown wrote that plaintiff "must have given an order to Mr. Wells to attack Mr. Johnson."

Defendant Hanfeld reviewed the conduct report and concluded that plaintiff Wells received directions from plaintiff to attack Johnson. However, Hanfeld did not point to any evidence supporting that conclusion. Defendant M. Kartman, the security director, "signed off" on the conduct report.

In preparation of his disciplinary hearing, plaintiff asked to review the video tape, but defendant Cichanowicz denied plaintiff's request. At the hearing, plaintiff relied on a statement from Wells, who denied that plaintiff had told him to attack Johnson. After the hearing, defendant Primmer found plaintiff guilty, writing that "the fact that inmate Wells assaults another inmate as soon as inmate Williams steps away after saying something to him makes it more likely than not that inmate Williams directed inmate Wells to assault inmate Johnson." Plaintiff received a sentence of 180 days in segregation. Defendant Gary Boughton, the warden, affirmed the decision.

OPINION

A. Retaliation

I understand plaintiff's primary claim to be that defendant Brown "retaliated" against him because Brown "wanted answers" when Brown interviewed him about the prisoner assault, but he "didn't know anything." Cpt. ¶ 18, dkt. #1. To prevail on a retaliation claim, a plaintiff must prove three things: (1) he was engaging in activity protected by the

3

Constitution; (2) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009).

It is not clear what plaintiff believes his protected activity was, but the only plausible theory is that he believes he had a First Amendment right *not* to speak when defendant Brown asked him questions about the assault on inmate Johnson. There is authority for that view outside the prison context, e.g., Wooley v. Maynard, 430 U.S. 705 (1977); West Virginia State Bd of Education v. Barnette, 319 U.S. 624 (1943), but courts have expressed skepticism that prisoners have a right against compelled speech, particularly in the context of a legitimate investigation. E.g., Clark v. Gipson, No. 13-CV-3012, 2015 WL 328966, at *6 (C.D. Ill. Jan. 26, 2015); Wilcher v. Raemisch, No. 12-CV-803-JDP, 2014 WL 3509395, at *5 (W.D. Wis. July 15, 2014).

Even if I assume that prisoners might have a right under the First Amendment to remain silent in some circumstances, this is not one of them. Although plaintiff does not provide much factual context in his complaint, he seems to be alleging that defendant Brown gave him a conduct report for one of two reasons: (1) Brown believed that plaintiff was involved in the assault but was refusing to admit it; or (2) Brown believed that plaintiff had some other information about the assault but was refusing to share it. Under either of these scenarios, plaintiff's allegations do not state a claim upon which relief may be granted under

4

the First Amendment.

If defendant Brown gave plaintiff a conduct report out of a belief that plaintiff was involved in the assault, that is not a violation of plaintiff's right to free speech, even if Brown's belief was mistaken. Heffernan v. City of Paterson, New Jersey, 136 S. Ct. 1412, 1418 (2016) (adverse act because of "mistaken belief" does not violate First Amendment). The fact that Brown gave plaintiff a conduct report despite the lack of a confession simply means that Brown had less evidence to support his belief; it does not mean that plaintiff was "punished" for not speaking.

Under the second scenario, defendant Brown did not necessarily believe that plaintiff was involved in the assault, but suspected that plaintiff had some relevant information that could assist the investigation. Under those circumstances, plaintiff would not have a right to keep quiet. A prison official's actions survive scrutiny under the First Amendment if they are reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). In this case, plaintiff acknowledges in his complaint that defendant Brown was conducting an investigation into an assault of another prisoner. Because Brown had a legitimate need to investigate the assault, requiring plaintiff to provide any information he had about the assault would be reasonable under Turner. Again, even if it is true that plaintiff had no information to give and Brown believed mistakenly that plaintiff was lying, a mistake is not a First Amendment violation.

It is true that defendant Brown gave plaintiff a conduct report for inciting the attack and not for refusing to provide information. That might be a violation of prison rules, but

5

it would not be a First Amendment violation. As noted above, the first element of a retaliation claim is that the prisoner was engaging in conduct protected by the Constitution. Because I have concluded that plaintiff did not have a right under the First Amendment to remain silent, he can not challenge his conduct report under the First Amendment, even if he was disciplined for the wrong reason.

Plaintiff's retaliation claim against defendants Kartman, Hanfeld and Boughton is even weaker. He does not allege that any of them disciplined him because of anything he said or did not say. Rather, he seems to blame them for concluding that the evidence against him was sufficient, but that has nothing to do with the First Amendment. I consider plaintiff's sufficiency of the evidence claim below.

### B. Due Process

I understand plaintiff to be raising two claims under the due process clause: (1) defendant Cichanowiz refused his request to review evidence before his disciplinary hearing; and (2) defendants Primmer, Kartman, Hanfeld and Boughton found him guilty without sufficient evidence. Plaintiff has not stated a claim upon which relief may be granted under either theory.

Plaintiff's claim against defendant Cichanowicz has two elements: (1) the disciplinary hearing deprived plaintiff of a "liberty interest" or "property interest"; and (2) plaintiff did not receive all the process that he was due. Abcarian v. McDonald, 617 F.3d 931, 941 (7th Cir. 2010).

As to the first element, plaintiff alleges that he was placed in segregation for six months as a result of the conduct report. I will assume for the purpose of this order that six months in segregation is an "atypical and significant hardship" that triggers the protections of the due process clause. Black v. Bennett, No. 15-CV-1311-JPG, 2016 WL 4733158, at *3 (S.D. Ill. Sept. 12, 2016) ("[T]he Seventh Circuit has found that six months of disciplinary segregation approaches a cusp where it may be necessary to create a factual record of the actual conditions of said confinement to determine whether procedural due process rights are implicated.") (citing Whitford v. Boglino, 63 F.3d 527, 533 (7th Cir. 1995), and Marion v. Columbia Correction Inst., 559 F.3d 693, 698-99 (7th Cir. 2009)). However, any process that plaintiff was due did not include reviewing the video recording. Rather, plaintiff's right to process would be limited to notice of the reasons for the proposed placement and an adequate opportunity to present his views regarding why he should not be disciplined. Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012).

Even if I assume that a prisoner being placed in segregation might have a due process right to review evidence in some circumstances, this would not be one of them because plaintiff does not identify any purpose that viewing the video would serve. In particular, he admits what the video allegedly showed, which is that he was speaking to Wells just before he attacked Johnson. Plaintiff does *not* allege that any of the defendants summarized the video in a way that did not reflect what actually happened. Rather, plaintiff takes issue with the inferences that defendants drew from the video. Because there is no factual dispute between plaintiff and defendants regarding what the video should show, plaintiff's inability

7

to view the video could not have had any adverse effect on his case. Clancy v. Office of Foreign Assets Control of U.S. Dept. of Treasury, 559 F.3d 595, 601 (7th Cir. 2009) ("Although the right to additional procedural protections does not depend on a demonstration of certain success, the deprivation must involve arguable issues that plausibly would have prevented an erroneous deprivation.").

As to plaintiff's claim against defendants Primmer, Kartman, Hanfeld and Boughton, the standard for sufficiency of the evidence in the context of prison disciplinary proceedings is low. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455-56 (1985). This standard does not permit the court to "weigh the evidence" to determine which side had the more persuasive case. Eichwedel v. Chandler, 696 F.3d 660, 675 (7th Cir. 2012).

The evidence plaintiff identifies in his complaint satisfies this standard. Again, plaintiff admits that he spoke to Wells immediately before Wells turned to attack Johnson. That may not be the strongest evidence, but it provides some support for a finding that plaintiff was involved in the attack. Plaintiff seems to believe that Primmer needed *direct* evidence in the form of an admission from plaintiff or testimony from a witness who heard plaintiff make an incriminating statement. However, circumstantial evidence like that cited by defendant Primmer is sufficient to satisfy the due process clause in the context of a disciplinary proceeding. Hill, 472 U.S. at 457 (due process is satisfied even if "no direct evidence" exists and even if circumstantial evidence is "meager"). See also Hamilton v.

8

O'Leary, 976 F.2d 341, 345–46 (7th Cir. 1992) (weapons found in cell occupied by petitioner and three other cellmates sufficient to establish that petitioner possessed weapon).

ORDER

IT IS ORDERED that plaintiff Anthony Williams, Jr.'s complaint is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendants and close this case. A "strike" will be recorded pursuant to 28 U.S.C. § 1915(g).

Entered this 28th day of February, 2017.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge